IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD LOUIS WOODARD, TDCJ #1621335, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-13-03622 |
| COUNTY OF WALLER, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

State inmate Edward Louis Woodard (TDCJ #1614126) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his constitutional right of access to the courts. Woodard has named Waller County, an unnamed state official in Austin, Texas, and an unnamed official of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as defendants. Woodard proceeds *pro se* and he has moved for leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that the motion should be **granted** and that this case must be **dismissed** for reasons that follow.

I. BACKGROUND

Woodard is currently in custody at the TDCJ Boyd Unit. He states that in 1991 he was sentenced in Washington County, Texas, to ten years in TDCJ for possession

of a prohibited weapon. *State v. Woodard*, No. 10657 (21st Dist. Ct, Washington County, Tex. Oct. 22, 1991). Woodard further states that in 1992, while serving his weapon possession sentence, a charge of aggravated assault with a deadly weapon was brought against him in Waller County, Texas. He alleges that the 9th District Court in Waller County found him guilty and sentenced him to three years based upon a plea in absentia [Doc. # 1, p. 4]. *State v. Woodard*, No. 6793 (9th Dist. Ct., Waller County, Tex. Jul. 8, 1992).

Woodward states that he was erroneously released on November 2, 1992, because TDCJ failed to recalculate his parole eligibility date in light of his recent sentence for the Waller County offense. He then states that he was returned to TDCJ in February, 1994, after violating the terms and conditions of his parole. Woodard contends that TDCJ unlawfully recalculated the sentence in Cause No. 6793 to expire on June 6, 1997, and he was again released on parole during either October or November of that year. *Id.* at 5.

Subsequently, Woodard was convicted of aggravated sexual assault of a child and sentenced to 32 years in TDCJ. *State v. Woodard*, No. 13,280 (506th Dist. Ct., Waller County, Tex. Jan. 6, 2010). He asserts that the aggravated assault conviction in Cause No. 6793 was used to enhance the punishment for the aggravated sexual assault conviction in Cause No. 13,280.

Woodard filed two state applications for writs of habeas corpus challenging the aggravated sexual assault of a child conviction. Both of the applications were unsuccessful. *Ex parte Woodard*, No. 76,391-01 (Tex. Crim. App. Sept. 28, 2011) (relief denied without written order); *Ex parte Woodard*, No. 76,391-02 (Tex. Crim. App. Sept. 11, 2013) (returned to district clerk without action by the Court of Criminal Appeals). He has recently filed a third state habeas application which is currently pending before the Court of Criminal Appeals. *Ex parte Woodard*, No. 76,391-03 (Tex. Crim. App. *rec'd* Dec. 9, 2013). Woodard also filed a state application for a writ of habeas corpus challenging the aggravated assault conviction in Cause No. 6793. The Court of Criminal Appeals granted relief on the basis that Woodard was not represented by an attorney at the proceedings and had not waived his right to counsel. *Ex parte Woodard*, No. 76,391-03, 2013 WL 5872889 (Tex. Crim. App. Oct. 30, 2013). Woodard asserts that the trial court subsequently dismissed the charge [Doc. # 1, p. 7]. Woodard alleges that an unknown state official denied him access to his records because he did not have an attorney. *Id.* at 8. He contends that the records are necessary to support his claim.

In summary, Woodard presents the following claims:

1. Waller County convicted him without affording him due process in Cause No. 6793 [Doc. # 1, p. 5]. This wrongful conviction was used to

3

enhance punishment for a subsequent conviction [Doc. # 1, p. 7].

2. An unknown TDCJ official unlawfully or erroneously miscalculated Woodard's sentence in Causes 6793 and 10657 causing him to serve approximately five years for the three year sentence in Cause No. 6793 and causing him to serve approximately eleven years and three to six months for the ten year sentence in Cause No. 10657 [Doc. # 1, pp. 6-7].

3. An unnamed state official wrongly denied him copies of his records using a state statute which prohibits access by prisoners to court records unless they are represented by counsel. *Id.* at 8.

Woodard seeks compensatory, nominal, and punitive damages. He also seeks an injunction allowing him access to his records. *Id.* at 4, 8.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The plaintiff proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual

allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

### III. ANALYSIS

Woodard sues the defendants for civil rights violations under the provisions of 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; *Breen v. Texas A&M Univ.*, 485 F.3d 325, 332 (5th Cir. 2007). To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state

law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

### A. <u>Aggravated Assault Judgment</u>

**Claim Against Waller County for Isolated Act.**— Woodard sues Waller County for the wrongful aggravated assault conviction entered against him in Cause No. 6793. Regardless of whether Woodard's constitutional rights were violated, Waller County cannot be held liable for the isolated acts of its employees. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Establishing municipal liability "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F3d 849, 867 (5th Cir. 2012) ((quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*)); *see also Flores v. County of Hardeman, Tex.*, 124 F.3d 736 (5th Cir. 1997). Woodard must show that there was some policy behind the alleged violation. *Peterson*, 588 F.3d at 850. A policy is "a statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority."

*Sanders-Burns v. City Of Plano*, 594 F.3d 366, 380 -381 (5th Cir. 2010). Alternatively, a policy may be demonstrated by a wide spread and well established pattern of behavior by the county's employees. *Sanders-Burns*, 594 F.3d at 380 -381. Woodard has asserted no facts which indicate that his conviction was made pursuant to an established Waller County policy.

**Sentence for Sexual Assault Conviction has not been invalidated.—** Woodard's complaint may also be interpreted to be a claim that the punishment for his aggravated sexual assault conviction (Cause No. 13,280) has been illegally enhanced by the prior aggravated assault conviction (Cause No. 6793) which now has been dismissed [Doc. # 1, p. 7]. In general, a prisoner's civil rights complaint for damages is barred from consideration if he challenges the validity of his incarceration without presenting any argument or proof that a court has reversed or overturned the conviction for which she is in prison. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A civil rights claim that attacks or even questions the validity of the plaintiff's confinement must be dismissed unless the judgment or sentence has been reversed, expunged or set aside on direct appeal, post-conviction petition for a writ of habeas corpus or other appropriate action. *Id.*; *Morris v. McAllester*, 702 F.3d 187, 190 (5th Cir. 2012). The records of the Texas Court of Criminal Appeals reflect that Woodard's state habeas petition is still pending. Woodard's claim regarding the

8

punishment assessed in the aggravated sexual assault conviction may not be pursued in this civil rights proceeding because he has failed to show that his conviction has been overturned in the federal habeas action, on appeal or any other post-conviction challenge proceeding. *Heck*, 512 U.S. at 481-82.

### B. Time Calculation

Woodard complains that TDCJ officials miscalculated his sentence and that he was released on parole at the wrong time. Custodial officials have a duty to release their inmates in a timely manner. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). Holding a prisoner beyond his release date "constitutes a deprivation of due process." *Id.* (citing *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir.1980)). Prison officials can be held liable if they maintain a record keeping system in which time calculation errors are likely. *Id.* (citing *Bryan v. Jones*, 530 F.2d 1210, 1215 (5th Cir. 1976). However, prison custodians are entitled to qualified immunity and will only be held liable if their conduct is objectively unreasonable and it is shown that they have been deliberately indifferent to the inmates' right to be released. *Id.* Inadvertent clerical oversights and errors that are beyond the official's control are not actionable violations. *Bryan*, 530 F.2d at 1215.

Woodard complains of errors in calculating his parole eligibility. His allegations indicate that he was released early on parole by mistake. They also

9

indicate that he seeks credit for time out on the street. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey v. Brewer*, 408 U.S. 471, 477 (1972). Such a release before is a matter of discretion, not an absolute right. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Woodard's early releases are clearly not actionable because he has not suffered any harm from the inadvertent errors. Further, there is no right to credit for time spent on parole. *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013); *Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).

To the extent that Woodard's present incarceration is affected by erroneous time considerations, such would be subject to review by the Texas Court of Criminal Appeals after Woodard files a Time-Credit Dispute-Resolution request and receives a response from the TDCJ administration pursuant to section 501.0081 of the Texas Government Code. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Barring a favorable decision from either TDCJ or the Court of Criminal Appeals, he cannot proceed on such a claim in this civil rights action.

C.  **Denial of Records**

Woodard complains that he has been denied copies of his records which are necessary to support his claim that he has been wrongfully incarcerated. Woodard

alludes to the Texas Open Records Act, which effectively prohibits him from directly obtaining from state agencies documents relating to his case. TEX. GOV'T CODE ANN. § 552.028(a)(1) (West 2013) ("A governmental body is not required to accept or comply with a request for information from [] an individual who is imprisoned or confined in a correctional facility.").

Woodard's assertion that he was denied copies of his records is construed to be a claim that he was denied access to the courts. A prison inmate's right of access to the court is protected by the Constitution. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This includes the right to obtain and possess materials necessary to litigate a claim. *See Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). However, the right is limited to the filing of nonfrivolous legal claims challenging convictions or prison conditions. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997).

To assert an actionable claim that officials have violated his right of access to the courts, Woodard must show that he was actually harmed by the alleged denial of the legal materials. *McDonald v. Steward*, 132 F.3d 225, 230 -231 (5th Cir. 1998) (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). To do so, he must show that he was prevented from presenting a "nonfrivolous," "arguable" legal claim in the courts. *Brewster*, v. *Dretke*, 587 F.3d

764, 769 (5th Cir. 2009). Woodard was successful in challenging his Waller County aggravated assault conviction. *Ex parte Woodard*, No. 76,391-03. Moreover, there is no indication that he was prevented from filing any applications or petitions challenging the validity of his confinement.

The constitutionality of the Texas Open Records Act has been upheld by the United States Court of Appeals for the Fifth Circuit. *Wright v. Curry,* 122 F. App'x 724, 725 (5th Cir. 2004). In doing so, the Fifth Circuit held that a prisoner "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." *Id.* (quoting *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971). Woodard has failed to present any specific facts which show that he was harmed by the absence of records or was otherwise prevented from seeking relief. *See MacDonald*, 132 F.3d at 230-31. Therefore, there is no legal basis to his claims of denial of access to the courts, and his complaint must be dismissed as frivolous. *Id.*

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.
2. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to deduct

funds from the inmate trust account of Edward Louis Woodard [TDCJ # 1621335] and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060, Fax Number (936) 437-4793; (2) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 20th day of **December, 2013.**

Nancy F. Atlas
United States District Judge